| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF CARVER | FIRST JUDICIAL DISTRICT |

- - - - - - - - - - - - - - - - - - - - - - - -

CH Robinson Worldwide, Inc.,

        Plaintiff,

vs.

Maxxum Group, LLC, Tetrapoly, LLC, Alex and Debra Kowalski, Peter Kowalski, Brian Donahue, Tim Carter and Andrew Kowalski
        Defendants.

Court File No.: _____

**SUMMONS**

- - - - - - - - - - - - - - - - -

### THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon Plaintiff's attorney an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Minn. Stat. Section 543.22, you are hereby informed that most civil cases in Minnesota are subject to Alternative Dispute Resolution ("ADR") processes. There are a wide variety of ADR processes available, ranging in formality from trial-like adjudication to neutral mediation. For further information about ADR, refer to Rule 114 of the Minnesota General Rules of Practice.

Dated: 2/17/10          By _____
                                                  Timothy W. Pafinski #201947
                                                  3411 Brei Kessel Road
                                                  Independence, MN 55359
                                                  (952) 944-9500

                                                  Attorney for Plaintiff

EXHIBIT A

SCANNED APR 6 2010 U.S. DISTRICT COURT MPLS

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CARVER | FIRST JUDICIAL DISTRICT |

---

CH Robinson Worldwide, Inc.,  Court File No.:

Plaintiff,

vs.  **COMPLAINT**

Maxxum Group, LLC, Tetrapoly, LLC, Alex and Debra Kowalski,
Peter Kowalski, Brian Donahue, Tim Carter and Andrew Kowalski

Defendants.

---

Plaintiff, for its cause of action against defendant, alleges and states as follows:

## PARTIES AND JURISDICTION

1. C.H. Robinson Worldwide, Inc. ("Plaintiff") is one of the world's largest transportation, logistics and sourcing companies with its principal place of business located in Eden Prairie, MN.

2. At all times pertinent hereto, Defendant Maxxum Group, LLC ("Maxxum") was a limited liability company located in Ohio.

3. At all times pertinent hereto, Defendant Tetrapoly, LLC ("Tetrapoly") was a limited liability company located at 4700 Manufacturing Avenue in Cleveland, Ohio.

4. At all times pertinent hereto, Defendants Alex and Debra Kowalski (collectively "Alex Kowalski") was a member, governor and officer of Maxxum. Upon information and belief, Alex Kowalski was a shareholder, director and officer of Tetrapoly.

5. At all time pertinent hereto, Defendant Peter Kowalski ("Peter Kowalski") was a member, governor and officer of Maxxum.

6. At all times pertinent hereto, Defendant Brian Donahue ("Donahue") was the vice president of finance for Maxxum. Upon information and belief, Donahue was a member, governor and officer of Tetrapoly.

7. At all time pertinent hereto, Defendant Tim Carter ("Carter") was a key employee of Maxxum and upon information and belief, was a member, governor and officer of Tetrapoly.

8. At all times pertinent hereto, Defendant Andrew Kowalski ("Andrew Kowalski") was a key employee of Maxxum and upon information and belief, was a member, governor and officer of Tetrapoly.

9. This Court has personal jurisdiction over Defendants pursuant to Minnesota Statute Section 543.19 in that Defendant transacted business in the State of Minnesota, Defendants' wrongful acts complained herein caused injury to Plaintiff, a Minnesota resident and the contracts at issue in this action arose under the laws of the State of Minnesota.

## FACTUAL BACKGROUND

10. On or about February of 2009, Maxxum approached Plaintiff requesting that Plaintiff be its sole transportation provider for shipments in North America. The parties entered into an agreement to provide such services and credit terms were extended based largely on consolidated financial statements provided by Defendant Peter Kowalski. These statements were subsequently discovered to be materially inaccurate.

11. Defendants Alex Kowalski and Donahue represented to Plaintiff that Maxxum had recently secured an open line of credit with Huntington Bank in excess of $1,500,000 dollars.

12. Plaintiff sold logistics-related services to Maxxum at agreed upon prices. It invoiced Maxxum on a regular basis for the services sold to it. Maxxum has not objected to the amount or nature of the invoices, which constitute an account stated.

13. Maxxum owed the principal sum of at least Four Hundred Forty Thousand Dollars ($440,000.00) on its account with Plaintiff.

14. Upon information and belief, Maxxum ordered this product, under the direction of Defendants, at a time when the Maxxum was insolvent, or on the verge of insolvency.

15. Upon information and belief, Defendant Alex Kowalski, Brian Donahue, Tim Carter and Andrew Kowalski met on or about September 2, 2009. Defendant Alex Kowalski informed the others that they were to be laid off on September 4, 2009. He then presented them with the "opportunity" to be involved in a new company call Tetra-Poly. The proposal was that each of them would be partners and incorporate the business. Defendant Alex Kowalski would rent the facility located at 4700 Manufacturing Avenue at a reduced rate. Defendant Alex Kowalski is the owner of this facility.

16. The scheme also included using the densifier at an affiliate company located at the 4700 Manufacturing Avenue at a certain rate which was to be paid to the owners of said densifier ---

Defendant Alex Kowalski and Peter Kowalski. Defendant Alex Kowalski also arranged that Maxxum's customers would move their business to Tetrapoly. The scheme further included that eighty percent (80%) of the profits would be given to Defendant Alex Kowalski and the balance to the other owners.

17. Upon information and belief, Tetrapoly was organized on September 3, 2009. Maxxum's operations were closed on September 4, 2009 and is effectively no longer in operation.

18. Upon information and belief, Tetrapoly purchased at below market pricing the assets of Maxxum and re-sold the product to Maxxum's customers. Tetrapoly started shipping product out of the 4700 Manufacturing Drive facility on September 11, 2009 and continues to actively transact business with Maxxum's customers.

19. Upon information and belief, Defendants Alex Kowalski, Donahue, Carter and Andrew Kowalski assisted in the closing of Maxxum's operations and by reason of their special position with Maxxum, treated themselves to a preference over other creditors, including Plaintiff. Specifically, Defendants received inordinate amount of compensation in connection with the dissolution of Maxxum; received product and fixed assets of Maxxum at less than fair market value; and usurped all of Maxxum's customers without paying fair value or inviting competitive bids.

20. Upon information and belief, Defendant Alex Kowalski operated Maxxum in such a manner and with unity of interest that Maxxum was the alter ego of Kowalski and the acts of Maxxum were the acts of Defendant Alex Kowalski. Plaintiff is further informed and believes and thereon alleges that Defendant Alex Kowalski is liabel for the acts of Maxxum alleged in this Complaint as the alter ego of Maxxum. Recognition of the privilege of separate existence would promote injustice because Defendant Adam Kowalski in bad faith dominated and controlled Maxxum as follows:

    a. Alex Kowaski commingled funds and other assets of Maxxum and Maxxum's funds and other assets for his convenience and to assist in the evading payment of obligations;

    b. Alex Kowalski diverted funds and other assets of Massum to other corporate uses;

    c. Alex Kowalski failed to maintain minutes or adequate corporate records;

    d. Alex Kowalski used Massum as a mere shell, instrumentality, or conduit for a business of an individual or another corporation;

    e. Alex Kowalski diverted assets from Maxxum to themselves to the detriment of creditors; and

    f. Maxxum was severely undercapitalized.

21. Despite due demand for the same, Defendants have failed and refused to pay that which it owes.

22. As a consequence of Defendants failure to pay its obligation, Plaintiff has been forced to incur costs, including reasonable attorneys' fees. It will continue to incur said costs until the debt is paid in full.

## COUNT ONE
### (Breach of Fiduciary Duty)

23. Plaintiff realleges paragraphs 1 through 22 above as though fully set forth herein.

24. Because Maxxum was insolvent, or on the verge of insolvency, Defendants became a fiduciary of the Maxxum's assets for the benefit of creditors, including Plaintiff.

25. Defendants have breached their fiduciary duty by treating themselves and other third parties to a preference over other similarly situated creditors. Defendants and the third parties recovered a greater percentage than the general creditors, including Plaintiff, with otherwise similarly situated secured interests.

26. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in the amount in excess of Four Hundred Forty Thousand Dollars ($440,000), plus finance charges thereon and costs of collection, including reasonable attorney's fees.

## COUNT TWO
### (Misrepresentation and Fraud)

27. Plaintiff realleges paragraphs 1 through 26 above as though fully set forth herein.

28. At the time Defendants ordered the services from Plaintiff, Maxxum was insolvent or on the verge of insolvency.

29. At the time the services was ordered, Defendants knew or should have known that Maxxum could not pay for the product.

30. Defendants continued to engage in misrepresentation and fraud by treating themselves and others to a preference over other general creditors. In addition, Defendants engaged in

misrepresentation by knowingly and intentionally submitting false and misleading financial statements to Plaintiff.

31.     As a direct and proximate result of Defendants' breach of their fiduciary duties, Plaintiff has been damaged in an amount in excess of Four Hundred Forty Thousand Dollars ($440,000.00) plus finance charges thereon and costs of collection.

### COUNT THREE
### (Fraudulent Transer)

32.     Plaintiff alleges paragraphs 1 through 31 above as though fully set forth herein.

33.     Maxxum transferred all or substantially of its assets to Tetrapoly.

34.     Such transfer was without fair value or consideration.

35.     As a direct and proximate result of these fraudulent transfers, Plaintiff has been damaged in the amount of in excess of Four Hundred Forty Thousand Dollars ($440,000.00) plus finance charges thereon and costs of collection.

### COUNT FOUR
### (Breach of Contract – Successor Liability)

36.     Plaintiff alleges paragraphs 1 through 35 above as though fully set forth herein.

37.     Maxxum's transfer of all or substantially all of its assets to Tetrapoly for little or no value or consideration results in Tetrapoly merely being a continuation of Maxxum and/or the transfer was fraudulently entered into in order to escape liability for Maxxum's debts.

38.     Defendants Maxxum and Tetrapoly, its successor, have breached its agreement to pay for services provided to it.

39.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged in an amount in excess of Four Hundred Forty Thousand Dollars ($440,000.00), plus finance charges thereon and costs of collection, including reasonable attorneys fees.

### COUNT FIVE
### (Account Stated)

40.     Plaintiff realleges paragraphs 1 through 39 above as though fully set forth herein.

41.     Defendants Maxxum and Tetrapoly, as the successor, has breached its account stated with Plaintiff by failing and refusing to pay what is owed thereon.

42. As a direct and proximate result of Defendants' breach of its account stated, Plaintiff has been damaged in at least the amount of Four Hundred Forty Thousand Dollars ($440,000.00), plus finance charges thereon and costs of collection, including reasonable attorneys fees.

**WHEREFORE**, Plaintiff prays for judgment in its favor, and against Defendants, jointly and severally, as follows:

1. For judgment in favor of Plaintiff and against Defendants, jointly and severally, in at least the principal amount of Four Hundred Forty Thousand Dollars ($440,000.00).

2. For all costs and disbursements incurred herein, including reasonable attorneys' fees;

3. Interest on the principal balance at the account rate until the date of entry of judgment;

4. For such other and further relief as to the Court shall deem just and equitable.

Dated: _____ By: _____
Timothy W. Fafinski (#201947)
3411 Brei Kessel Road
Independence, MN 55359
(952) 944-9500

Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that: I am familiar with the terms of Minn. Stat. Section 549.211 and that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party pursuant to subd. 2 thereof, in the event a party or an attorney acts in bad faith; asserts a claim or defense that is frivolous and that is costly to another party; asserts an unfounded position solely to delay the order and course of the proceedings or to harass; or commits a fraud upon the Court.

Dated: 2/17/10        By: _____

Timothy W. Pafinski #201947
3411 Brei Kessel Road
Independence, MN 55359
(952) 944-9500

Attorney for Plaintiff