UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CH Robinson Worldwide, Inc.,

        Plaintiff,

v.

Maxxum Group, LLC, *et al.*,

        Defendants.

**REPLY OF TETRAPOLY
DEFENDANTS TO MOTION
TO DISMISS**

## I.  INTRODUCTION

      The Opposition of Plaintiff C.H. Robinson Worldwide, Inc. ("Plaintiff") to the Motion of Tetrapoly, Inc., Brian Donahue and Andrew Kowalski (the "Tetrapoly Defendants") to dismiss Plaintiff's Complaint for lack of personal jurisdiction is flawed in several fundamental respects.

      To begin with, the Opposition and supporting affidavits are glaringly devoid of a single connection or contact of **the Tetrapoly Defendants** with the Plaintiff that took place in Minnesota.  Simply stated, Tetrapoly did not and does not conduct business in Minnesota.  On this basis alone, the Complaint should be dismissed as to the Tetrapoly Defendants.[1]

---

[1] References hereinafter to "Tetrapoly" include individual defendants Brian Donahue and Andrew Kowalski.

1603859v1

The Opposition is, instead, predicated on the erroneous and unfounded premise that "Tetrapoly is the successor of Maxxum and as such, is responsible for [Maxxum's] debts and obligations." Opposition, p. 10. The Opposition acknowledges, however, that the **general rule** is the exact opposite – *i.e.*, "the successor company is <u>not</u> liable for the debt and liability of the transferor." Opposition, p. 6 (citation omitted) (emphasis added). Putting aside the fact that Tetrapoly is <u>not</u> the successor of Maxxum, Plaintiff does not provide this Court with any authority for the notion that personal jurisdiction can be exercised, as Plaintiff argues here, over a business entity (Tetrapoly) solely on an unfounded and unsubstantiated claim that the entity is the "successor" of a different entity (Maxxum). Plaintiff's successor liability claim, however misplaced it is, should not proceed in Minnesota, where Tetrapoly has no contacts and never had any dealings with Plaintiff.

## II.    ARGUMENT

Plaintiff contends, erroneously, that Maxxum's contacts with the forum state can be imputed to Tetrapoly because Tetrapoly is a successor of Maxxum. As set forth in the initial Memorandum in Support and below, Plaintiffs have not established that this Court can exercise personal jurisdiction over the Tetrapoly Defendants consistent with Minnesota law and principles of due process. Accordingly, this Court should dismiss the Complaint as to the Tetrapoly Defendants.

**A.  Maxxum's Contacts Should Not Be Imputed to the Tetrapoly Defendants.**

As noted above, Plaintiff has not shown that the Tetrapoly Defendants have any contacts with Plaintiff in the State of Minnesota.

The Opposition instead purports to analyze personal jurisdiction over Tetrapoly based only on the contacts of Maxxum, describing throughout the Opposition that personal jurisdiction is based on a combined analysis of the contacts of the "defendants." Indeed, the Opposition brief misleadingly refers to the separate entities as "Tetrapoly/Maxxum," apparently hoping that the Court's personal jurisdiction analysis would likewise address the issue under the same guise.

This Court should not be misled. Plaintiff provides no basis or authority for utilizing one defendant's contacts with the forum state to subject another defendant to in personam jurisdiction. And, as further shown below, Maxxum and Tetrapoly are entirely separate entities with, inter alia, different owners. The Due Process requirement of personal jurisdiction "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). As such, permitting an entirely separate entity's contacts to act as the predicate for subjecting another defendant to personal jurisdiction abrogates that latter defendant's Constitutional Due Process rights and erodes its individual liberty.

**B.**     **Plaintiff Has Not Established Facts to Support a Finding that Tetrapoly is the Successor of Maxxum**

Even assuming *arguendo* that the Court could, under a different set of facts, impute one entity's contacts to an alleged successor for jurisdictional purposes, Plaintiff clearly falls short of the rigorous standard required under Minnesota law to treat Tetrapoly as the successor of Maxxum.[2]

To begin with, Minnesota law strictly limits "the civil liabilities of transferors assumed by transferees to those agreed to between the parties or imposed by law, **even if the transferee is operating the corporation in exactly the same manner as it was operated by the transferor**." *Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 99 (Minn. 1989) (quoting General Comment-1981, Minn. Stat. Ann. 302A. 661 (West 1985) (emphasis added).   Minnesota courts narrowly allow successor liability in only four specific situations, **all of which require as a predicate the transfer of all assets from the predecessor to the successor**: (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the corporation; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts. *Fine v. Schwinn Cycling Fitness, Inc.*, 2000 Minn. App. LEXIS 1292, *5 (Minn. Ct. App. Dec. 26, 2000).   Here, there was no transfer of assets from Maxxum to

---

[2] Tetrapoly reserves the right to fully defend the allegation that it is the successor of Maxxum and, as such, is responsible for Maxxum's alleged obligations to Plaintiff, upon such an allegation being asserted in a court that can exercise personal jurisdiction over Tetrapoly.

Tetrapoly, let alone a transfer of all assets, and therefore Plaintiff's successor claim fails from the outset. See Affidavit of Brian Donahue ("Donahue Affidavit"), attached as Exhibit A, ¶ 15.

Although Plaintiff acknowledges that the general rule is that a successor is not liable for obligations of a predecessor, Plaintiff mischaracterizes the only case it cites as authority for its successor liability argument. See Opposition, p. 6. In that case, *J.F. Anderson Lumber Co.*, the Minnesota Supreme Court noted that the "mere continuation" exception (upon which Plaintiff relies) applies principally to cases involving the reorganization of a predecessor, such as may occur under a bankruptcy reorganization plan. In contrast, "the mere fact that a purchasing corporation is 'carrying on the same business' as the selling corporation is not sufficient to make the purchasing corporation liable for the debts of the selling corporation." *J. F. Anderson Lumber Co. v. Myers*, 296 Minn. 33, 38-39 (1973). In fact, the *Anderson* Court rejected the claim of successor liability, finding "**continuity of business, name and management alone [] is not … [a] sufficient basis for holding a transferee liable for the debts of the transferor.**" *Id.* at 40.

Here, Plaintiff has not alleged a bankruptcy reorganization, nor was there a continuation of business, name or management between Maxxum and Tetrapoly. As the Donahue Affidavit further establishes, there is no basis for Plaintiff's assertion that Tetrapoly was organized fraudulently or as a continuation of Maxxum. In this regard, the four alleged owners and operators of Maxxum – Alex Kowalski, Peter Kowalski, Debra Kowalski and David Griffiths – have <u>no</u> interest whatsoever in Tetrapoly. See Donahue

Affidavit, ¶¶ 2-3. The alleged meeting of the Tetrapoly Defendants and others with Alex Kowalski to discuss the so-called "opportunity" to form Tetrapoly did not ever take place, contrary to Plaintiff's second-hand hearsay speculation. *Id.* at ¶¶ 4-6. Plaintiff's successor claim thus falls far short of mustering the facts required, as in *Anderson,* to prove successor liability. Minnesota Courts require 100% continuity to impose liability on a successor corporation; here, there is no continuity between Maxxum and Tetrapoly.

Other facts cited by Plaintiff to purportedly support the exercise of jurisdiction over Tetrapoly (as the purported successor to Maxxum) are simply beside the point. In this regard, it is of no relevance that Defendant Brian Donahue (a member of Tetrapoly) lives with the sister-in-law of Alex Kowalski (a purported owner of Maxxum). See Opposition, p. 2. Successor liability is not predicated on such tenuous personal connections. Nor is a case of successor liability made out by noting that Defendant Andrew Kowalski (a member of Tetrapoly) is the brother of a purported owner of Maxxum (Alex Kowalski), or that Andrew was formerly an employee of Maxxum. See *Id.*

Similarly, Plaintiff apparently concludes that Tetrapoly should be held liable for Maxxum's debts because Alex Kowalski, on behalf of Maxxum, allegedly told certain employees of Maxxum that their employment with Maxxum would be terminated, and certain of those employees then decided to start a new and separate business (in which Alex Kowalski is not involved). These facts, i.e., that *Maxxum* terminated the employment of Donahue and others, prove that there is <u>no</u> successor liability, not that this

Court can and should assert personal jurisdiction over Tetrapoly based on the unfounded premise that it is Maxxum's successor.

Nor should this Court exercise jurisdiction over Tetrapoly based on hollow and completely unproven allegations (*e.g.*, the notion that there was a "purchase of assets without fair consideration").  See Opposition, p. 6; but see Donahue Affidavit, ¶ 15 (establishing there was no transfer of assets).  To the same effect is the notion that the Court should exercise personal jurisdiction over Tetrapoly because a Maxxum employee purportedly gave Plaintiff a fraudulent financial statement for Maxxum.  See Opposition, pp. 10-11.  Even if true (the financial statement was audited), that claim goes to Maxxum, not to the exercise of personal jurisdiction over Tetrapoly.  See Donahue Affidavit, ¶ 14.

Thus, this Court should not assert personal jurisdiction over Tetrapoly because it is clear, even at this preliminary stage, that Plaintiff cannot make out a case of successor liability.

C.    **Jurisdiction-Related Discovery Is Unnecessary.**

As a final matter, this Court should decline to order jurisdiction-related discovery.  Plaintiff has elected to file its opposition brief and affidavits, and this Court should proceed to rule on the basis of the evidence before it.  This is especially true because any such discovery would go only to "general jurisdiction."  By Plaintiff's admission, there are <u>no</u> contacts on the part of Tetrapoly with Plaintiff in the State of Minnesota.  See *Griffis v. Luban*, 646 N.W.2d 527, 532 (Minn. 2002) (limiting the exercise of "general jurisdiction" to non-resident defendants whose contacts with Minnesota are "continuous and systematic").

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant the Motion to Dismiss, thereby dismissing Plaintiff's Complaint as to the Tetrapoly Defendants for lack of personal jurisdiction.

MOSS & BARNETT
A Professional Association

Dated: May 28, 2010

By  s/Matthew P. Kostolnik
Matthew P. Kostolnik (#310669)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000
Facsimile: (612) 877-5999
kostolnikm@moss-barnett.com

and


David D. Yeagley (Ohio Bar No. 0042433)
Paul R. Harris (Ohio Bar No. 0079538)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7001
dyeagley@ulmer.com
        pharris@ulmer.com

Attorneys for Defendants Tetrapoly, LLC,
Brian Donahue, and Andrew Kowalski