UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CH ROBINSON WORLDWIDE, INC. | ) | CASE NO. 1:10-cv-01601 |
| | ) | |
| Plaintiff | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | ANSWER OF DEFENDANTS |
| | ) | TETRAPOLY, LLC, BRIAN |
| MAXXUM GROUP, LLC, *et al.* | ) | DONAHUE, AND ANDREW |
| | ) | KOWALSKI |
| Defendants | ) | |

Defendants Tetrapoly, LLC ("Tetrapoly"), Brian Donahue, and Andrew Kowalski (collectively, the "Tetrapoly Defendants"), by and through counsel, hereby answer the Complaint of Plaintiff CH Robinson Worldwide, Inc. ("Plaintiff") as follows:

FIRST DEFENSE

1. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore deny them.

2. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore deny them.

3. The Tetrapoly Defendants admit that Tetrapoly is a limited liability company located in Cleveland, Ohio. The Tetrapoly Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4. The Tetrapoly Defendants deny that Alex Kowalski was or is a shareholder, director or officer of Tetrapoly. The Tetrapoly Defendants are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and therefore deny them.

5. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore deny them.

6. The Tetrapoly Defendants admit that Brian Donahue is a member of Tetrapoly. The Tetrapoly Defendants admit that Mr. Donahue was instructed by his previous employer, Maxxum Group, Inc. to use the title "Vice President of Finance," but the Tetrapoly Defendants deny that Mr. Donahue was ever an officer of Maxxum Group, Inc. or Defendant Maxxum Group, LLC. The Tetrapoly Defendants deny all remaining allegations in paragraph 6 of the Complaint.

7. The Tetrapoly Defendants deny that Tim Carter was or is a member, governor or officer of Tetrapoly. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and therefore deny them.

8. The Tetrapoly Defendants admit that Andrew Kowalski is a member of Tetrapoly. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore deny them.

9. The Tetrapoly Defendants deny the allegations in paragraph 9 of the Complaint.

10. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

11. With respect to the allegations in paragraph 11 of the Complaint that relate to Brian Donahue, the Tetrapoly Defendants deny that Mr. Donahue represented to Plaintiff that Maxxum Group, Inc. secured a line of credit with Huntington Bank. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore deny them.

12. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

13. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

14. The Tetrapoly Defendants deny that they provided any direction to Maxxum Group, Inc. or Defendant Maxxum Group, LLC for the order of any product. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

15. With respect to the allegations in paragraph 15 of the Complaint, the Tetrapoly Defendants admit that Alex Kowalski terminated the employment of both Brian Donahue and Andrew Kowalski with Maxxum Group, Inc. on or about September 2, 2009. The Tetrapoly Defendants deny that Alex Kowalski presented them with an "'opportunity' to be

involved in a new company call[ed] Tetra-Poly." The Tetrapoly Defendants deny that Alex Kowalski proposed that "each of them would be partners and incorporate the business." The Tetrapoly Defendants deny that they rent a facility located at 4700 Manufacturing Avenue. The Tetrapoly Defendants admit that Tetrapoly rents space from a company owned, upon information and belief, by Alex Kowalski. The Tetrapoly Defendants deny that they rent space "at a reduced rate." The Tetrapoly Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. The Tetrapoly Defendants deny the allegations in paragraph 16 of the Complaint.

17. The Tetrapoly Defendants admit that Tetrapoly was registered with the State of Ohio as a limited liability company on September 3, 2009. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

18. The Tetrapoly Defendants deny the allegations in paragraph 18 of the Complaint.

19. The Tetrapoly Defendants deny the allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. Alternatively, the Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, as the allegations relate to Defendants Maxxum Group, LLC and Alex Kowalski, and therefore deny them, including the allegations in subparagraphs 20a – 20f.

21. The Tetrapoly Defendants deny the allegations in paragraph 21 of the Complaint.

22. The Tetrapoly Defendants deny the allegations in paragraph 22 of the Complaint.

## COUNT ONE

23. The Tetrapoly Defendants incorporate their answers to paragraphs 1 through 22 of the Complaint as if fully rewritten herein.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. Alternatively, the Tetrapoly Defendants deny the allegations.

25. The Tetrapoly Defendants deny the allegations in paragraph 25 of the Complaint.

26. The Tetrapoly Defendants deny the allegations in paragraph 26 of the Complaint.

## COUNT TWO

27. The Tetrapoly Defendants incorporate their answers to paragraphs 1 through 26 of the Complaint as if fully rewritten herein.

28. The Tetrapoly Defendants deny that they ordered services from Plaintiff. The Tetrapoly Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint, as the allegations relate to Defendant Maxxum Group, LLC, and therefore deny them.

29. The Tetrapoly Defendants deny the allegations in paragraph 29 of the Complaint.

30. The Tetrapoly Defendants deny the allegations in paragraph 30 of the Complaint.

31. The Tetrapoly Defendants deny the allegations in paragraph 31 of the Complaint.

### COUNT THREE

32. The Tetrapoly Defendants incorporate their answers to paragraphs 1 through 31 of the Complaint as if fully rewritten herein.

33. The Tetrapoly Defendants deny the allegations in paragraph 33 of the Complaint.

34. The Tetrapoly Defendants deny the allegations in paragraph 34 of the Complaint.

35. The Tetrapoly Defendants deny the allegations in paragraph 35 of the Complaint.

### COUNT FOUR

36. The Tetrapoly Defendants incorporate their answers to paragraphs 1 through 35 of the Complaint as if fully rewritten herein.

37. The Tetrapoly Defendants deny the allegations in paragraph 37 of the Complaint.

38. The Tetrapoly Defendants deny the allegations in paragraph 38 of the Complaint.

39. The Tetrapoly Defendants deny the allegations in paragraph 39 of the Complaint.

## COUNT FIVE

40. The Tetrapoly Defendants incorporate their answers to paragraphs 1 through 39 of the Complaint as if fully rewritten herein.

41. The Tetrapoly Defendants deny the allegations in paragraph 41 of the Complaint.

42. The Tetrapoly Defendants deny the allegations in paragraph 42 of the Complaint.

43. In response to the Prayer, the Tetrapoly Defendants deny that Plaintiff is entitled to any relief or recovery as to the Tetrapoly Defendants of any kind or nature.

## SECOND DEFENSE

44. The Tetrapoly Defendants deny every allegation contained in the Complaint not specifically admitted.

## THIRD DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

46. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or the equitable doctrine of laches.

## FIFTH DEFENSE

47. Plaintiff did not suffer any actual or other damage as a result of any alleged conduct by the Tetrapoly Defendants.

## SIXTH DEFENSE

48. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

## SEVENTH DEFENSE

49. Plaintiff has failed to mitigate its damages, if any.

## EIGHTH DEFENSE

50. Plaintiff is not the real party in interest.

## NINTH DEFENSE

51. The Tetrapoly Defendants reserve the right to amend their Answer, including to raise affirmative defenses not raised herein should discovery reveal that such defenses are appropriate and available to the Tetrapoly Defendants.

WHEREFORE, the Tetrapoly Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost, and that this Court award the Tetrapoly Defendants their costs, attorneys' fees, expenses and any other relief that this Court deems just and proper.

                         *s/ Paul R. Harris*
                         David D. Yeagley (0042433)
                         Paul R. Harris (0079538)
                         Skylight Office Tower
                         ULMER & BERNE LLP
                         1660 West 2nd Street, Suite 1100
                         Cleveland, Ohio 44113-1448
                         (216) 583-7000
                         (216) 583-7001 (Fax)
                         dyeagley@ulmer.com
                         pharris@ulmer.com

                         Attorneys for the Tetrapoly Defendants

## JURY DEMAND

Defendants Tetrapoly, LLC, Brian Donahue, and Andrew Kowalski demand a trial by jury on all issues and comprised of the maximum number of jurors allowed by law.

    *s/ Paul R. Harris*
One of the Attorneys for Defendants Tetrapoly, LLC, Brian Donahue, and Andrew Kowalski

## CERTIFICATE OF SERVICE

The foregoing Answer of Defendants Tetrapoly, LLC, Brian Donahue, and Andrew Kowalski was filed electronically with the Court on August 19, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  In addition, a copy of the foregoing has been sent this day via first-class mail, postage prepaid, to:

Timothy W Fafinski
Corporate Counsel, PA
3411 Brei Kessel Rd
Independence, MN 55359

*Attorney for Plaintiff*

    *s/ Paul R. Harris*
One of the Attorneys for the Tetrapoly Defendants

35384-0006
1852678.1