UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CH ROBINSON WORLDWIDE, INC. | ) | CASE NO. 1:10-cv-01601 |
| | ) | |
| Plaintiff | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | MOTION OF DEFENDANTS |
| | ) | TETRAPOLY, LLC, BRIAN |
| MAXXUM GROUP, LLC, *et al.* | ) | DONAHUE, AND ANDREW |
| | ) | KOWALSKI FOR ORDER THAT |
| Defendants | ) | SERVICE IS INVALID |

On November 18, 2010, Plaintiff CH Robinson Worldwide, Inc. ("Plaintiff") attempted to serve Maxxum Group, LLC ("Maxxum") by serving a Summons directed to **Alex** Kowalski of Maxxum upon **Andrew** Kowalski of Defendant Tetrapoly, LLC ("Tetrapoly"). To avoid any possible prejudice, Defendants Tetrapoly, Brian Donahue and Andrew Kowalski (collectively, the "Tetrapoly Defendants") respectfully move the Court, pursuant to Fed. R. Civ. P. 4(h), for a ruling that such purported "service" on Maxxum via the Tetrapoly Defendants is invalid.

Maxxum and Tetrapoly are separate and distinct entities. The Tetrapoly Defendants, including Andrew Kowalski, cannot accept service on Maxxum's behalf. Plaintiff must properly serve Maxxum in order to pursue its claim against Maxxum for Maxxum's alleged unpaid obligation to Plaintiff.[1]

The Tetrapoly Defendants also request that this Court award sanctions against Plaintiff for the improper attempt at serving Maxxum via the Tetrapoly Defendants.

---

[1] The Tetrapoly Defendants retain all of their rights and defenses as to Plaintiff's claims. This Motion is brought to protect the interests of the Tetrapoly Defendants arising from the improper and invalid attempt to serve Maxxum via the Tetrapoly Defendants, and therefore nothing herein shall be construed as an admission or waiver of any of the rights and defenses of the Tetrapoly Defendants.

### I. Plaintiff's Improper Attempt at Service on Maxxum

By prior Order of this Court (see Minutes of proceedings [non-document], October 18, 2010), Plaintiff was given until November 18, 2010 to serve Maxxum. On the evening of November 18, 2010, an unidentified individual knocked on the front door of the home of Andrew Kowalski, one of the Tetrapoly Defendants. Andrew's wife answered the door, and the individual asked for "Andrew Kowalski." Later that evening, Andrew Kowalski arrived home and was approached by the same individual, who handed papers to Andrew and then quickly departed the premises. The above facts are supported by the Affidavit of Andrew Kowalski ("Kowalski Aff."), which is attached as Exhibit A.

The papers handed to Andrew on the evening of November 18, which are attached as Exhibit B, purport to be a Summons and Complaint for either "Maxxum, LLC" or "Maxxum Group, LLC."[2] <u>The Summons is directed to "Alex Kowalski," not Andrew Kowalski</u>. *See* Ex. B, p. 2. To the knowledge of undersigned counsel, no return of service for Maxxum has been filed with the Court.

### II. Plaintiff's Attempted Service on Maxxum Did Not Comply with Federal or State Law

Fed. R. Civ. P. 4(h) governs service of a corporation, partnership or association. Service may be accomplished by either: (1) following applicable state law for service pursuant to Fed. R. Civ. P. 4(e)(1); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Ohio Revised Code § 1705.06, the applicable state law for service of process on a limited liability

---

[2] For the limited purpose of this Motion, the Tetrapoly Defendants will assume that Plaintiff intended to serve "Maxxum Group, LLC," a named defendant in this case.

2

company, requires that legal process be served on a limited liability company by delivering a copy of such process to the company's registered agent.[3]

By handing papers to Andrew Kowalski, Plaintiff did not serve an officer or agent of Maxxum as required by the preceding rules and statutes. <u>Andrew Kowalski is not now and never has been an officer or managing, general or registered agent of Maxxum</u>. *See* Kowalski Aff., Ex. A, ¶ 6. Andrew Kowalski cannot accept service on behalf of Maxxum.

The Tetrapoly Defendants file this Motion to avoid any potential prejudice to the Tetrapoly Defendants arising from Plaintiff's improper attempt at serving Maxxum via the Tetrapoly Defendants, including, *inter alia*, any later claim that the Tetrapoly Defendants somehow authorized or accepted service on Maxxum's behalf.

### III. Conclusion

For the foregoing reasons, the Tetrapoly Defendants respectfully request that the Court rule that the purported service on Maxxum via the Tetrapoly Defendants is invalid, and award the Tetrapoly Defendants their fees associated with filing this Motion.

Respectfully submitted,

  *s/ Paul R. Harris*
David D. Yeagley (0042433)
Paul R. Harris (0079538)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ulmer.com
pharris@ulmer.com

Attorneys for the Tetrapoly Defendants

---

[3] Plaintiff states in the Summons and cover letter (Ex. B) that Maxxum was served pursuant to O.R.C. § 1701.88. That section pertains only to corporations. Plaintiff named a limited liability company – "Maxxum Group, LLC" – as a defendant and thus that defendant may only be served pursuant to O.R.C. § 1705.06.

3

## CERTIFICATE OF SERVICE

The foregoing Motion of Defendants Tetrapoly, LLC, Brian Donahue, and Andrew Kowalski for Order that Service is Invalid was filed electronically with the Court on November 24, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. In addition, a copy of the foregoing has been sent this day via first-class mail, postage prepaid, to:

>Nathan W. Nelson
>Virtus Law, PLLC
>7040 Lakeland Avenue, Suite 111
>Brooklyn Park, MN 55428
>
>*Attorney for Plaintiff*

                          *s/ Paul R. Harris*
                          One of the Attorneys for the Tetrapoly Defendants

466/35384.0006
1870755.1