UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CH ROBINSON WORLDWIDE, INC., | Civil No. 1:10-cv-1601 (ADM/JSM) |
| | Judge: DAN A. POLSTER |
| Plaintiff, | |
| v. | |
| MAXXUM GROUP, LLC, Tetrapoly, LLC, Alex and Debra Kowalski, Peter Kowalski, Brian Donahue, Tim Carter and Andrew Kowalski | **PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** |
| Defendants. | |

**NOW COME**, Plaintiff CH ROBINSON WORLDWIDE, INC. (hereafter "Plaintiff"), respectfully requests that the Court enforce the settlement agreement with a decree of specific performance. In support of this motion, Plaintiff has attached affidavits and further is said:

## BACKGROUND

**I. Litigation**

On or about April 6, 2010, Plaintiff filed this action in Minnesota state court claiming breach of fiduciary duty, misrepresentation and fraud, fraudulent transfer, breach of contract and account stated against Defendants Maxxum, Tetrapoly, LLC (hereafter "Tetrapoly") and their various owners (hereafter collectively "Defendants"). By motion of Defendants Tetrapoly, Brian Donahue, and Andrew Kowalski (hereafter "Tetrapoly Defendants"), the case was removed to Federal Court. By Order dated July 21, 2010, the case was transferred to the United States District Court for the Northern District of Ohio. On or about November 17, 2010, Plaintiff served Alex Kowalski, Debra Kowalski and Peter Kowalski, both personally and as officers of Maxxum Group, LLC (hereafter "Maxxum").

## II. Settlement

At the Case Management Conference on December 15, 2010, Plaintiff and Tetrapoly Defendants entered into settlement agreement and put it on the record to resolve the dispute between Plaintiff and Tetrapoly Defendants (hereafter "Settlement Agreement"). The Settlement Agreement provided that Tetrapoly Defendants provide Plaintiff with sworn affidavits evidencing the Tetrapoly Defendants' departure from Maxxum and the establishment of Tetrapoly; and payment in the amount of $10,000.00.

## III. Events Following Settlement

In February 2011, Plaintiff's counsel and Tetrapoly Defendants' counsel had numerous communications regarding the sworn affidavits' language and the payment of $10,000.00. *See* Affidavit of Nathan W. Nelson (hereafter "Affidavit of Nelson"), Exhibit A. On or about April 19, 2010, Plaintiff's counsel sent Tetrapoly Defendants' counsel an email formalizing the language for the sworn affidavits and inquiring into the $10,000.00 payment. *See* Affidavit of Nelson, Exhibit B. Tetrapoly Defendants' counsel responded to this communication by stating that he was tied up with trial. *See* Affidavit of Nelson, Exhibit C. On or about May 17, 2011, Plaintiff's counsel again followed up with Tetrapoly Defendants' counsel regarding the completion of the sworn affidavits and payment of the $10,000.00. *See* Affidavit of Nelson, Exhibit D. On or about May 19, 2011, Tetrapoly Defendants' counsel replied that he just had returned from trial and that he would get back to Plaintiff after speaking with his clients. *See* Affidavit of Nelson, Exhibit E. On or about May 24, 2011, May 31, 2011, and June 13, 2011, Plaintiff's counsel sent emails to Tetrapoly Defendants' counsel looking for the sworn affidavits and payment in the amount of $10,000.00. *See* Affidavit of Nelson, Exhibit F. Finally, on or about June 13, 2011, Tetrapoly Defendants' counsel responded by saying that Tetrapoly could no

longer pay Plaintiff pursuant to the terms of the Settlement Agreement. *See* Affidavit of Nelson, Exhibit G.

## LAW AND ARGUMENT

### IV. Standard of Review

The law is well established that courts retain the inherent power to enforce agreement entered into by means of settlement of litigation pending before the court. *See Kukla v. Distiller Products Co.*, 483 F.2d 619 (6th Cir. 1973); *see also All States Investors, Inc. v. Bankers Bond Co.*, 343 F.2d 618 (6th Cir. 1965). Settlement agreements are a type of contract and are governed by contract law. *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973). Once a settlement agreement is concluded, it is "binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Clinton Street Greater Bethlehem Church v. City of Detroit*, 484 F.2d 185, 189 (6th Cir. 1973). In fact, where there is not a substantial factual dispute as to the entry into a settlement agreement, the court has the power to summarily enforce settlement agreements. *See Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1975).

### V. Plaintiff is Entitled to a Summary Enforcement of the Settlement Agreement

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967). In fact, the existence of a hearing is only proper where material facts concerning the existence of an agreement to settle are in dispute. *See Autera v. Robinson*, 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969).

In this case, neither the existence of the Settlement Agreement nor its terms are in dispute. There is neither a substantial factual dispute relating to the entry of the Settlement

3

Agreement, nor any type of factual dispute at all. However, Tetrapoly Defendants have refused to perform under the terms of the Settlement Agreement. As such, this Court should enter an Order for the Summary Enforcement of the Settlement Agreement with a decree requiring Tetrapoly Defendants to specific performance of the Settlement Agreement.

## CONCLUSION

The existence of the Settlement Agreement, the entry of the Settlement Agreement, and the terms of the Settlement Agreement are not in dispute. As such, Plaintiffs are entitled to an Order of summary enforcement of the Settlement Agreement. Or at the very least, the scheduling of a hearing, and the subsequent finding for enforcement of the Settlement Agreement.

Plaintiff requests that this Court enter an Order Summarily, and without hearing, enforcing the Settlement Agreement between Plaintiff and Tetrapoly Defendants, specifically granting that Tetrapoly Defendants provide Plaintiff with sworn affidavits evidencing the Tetrapoly Defendants' departure from Maxxum and the establishment of Tetrapoly, and payment in the amount of $10,000.00; and award Plaintiff its attorneys' fees and costs in bringing this Motion.

Dated this September 9, 2011.	VIRTUS LAW, P.L.L.C.

_s/ Nathan W. Nelson_
Nathan W. Nelson (No. 0347401)
7040 Lakeland Ave, Suite 111
Brooklyn Park, MN 55428
Telephone: (763) 432-2169

*Attorney for Plaintiff*

4

## CERTIFICATE OF SERVICE

Plaintiff's Motion to Enforce Settlement Agreement was filed electronically with the Court on September 9, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

_s/ Nathan W. Nelson_
Nathan W. Nelson (No. 0347401)
***Attorney for Plaintiff***
